UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT COLLINS**                                                           **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, ET AL.**                                              **NO. 21-00252-BAJ-SDJ**

## RULING AND ORDER

Before the Court is Plaintiff's *pro se* **Motion for Injunction [sic] Relief (Doc. 2)**. Plaintiff alleges that he "is currently being held against the law and against his will," and seeks an order granting his immediate release. (Doc. 2, p. 1). The Motion is unopposed. For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**I.   BACKGROUND**

Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC") serving a seven-year sentence for a sex offense, specifically pornography involving juveniles, in violation of Louisiana Revised Statutes § 14:81.1. (Doc. 2-1, p. 8); *See also Collins v. Louisiana Dep't of Pub. Safety & Corr.*, 2021 WL 1438718, at *3, 2020-0958 (La. App. 1 Cir. 4/16/21). Pornography involving juveniles is a sex offense under Louisiana law. *See* LA. STAT. ANN. § 15:541(24)(a).

Plaintiff alleges that DPSC is improperly denying his "good time" credit, and therefore every day he is held past June 8, 2021, constitutes a violation of his civil rights under the Fourteenth Amendment to the Constitution. (Doc. 2, p. 4). Plaintiff seeks his immediate release from custody. (Doc. 2, p. 1).

1

## II. LAW AND ANALYSIS

### A. Standard

Generally, preliminary injunctions are designed to preserve the status quo prior to the Court's consideration of a case on its merits and are not intended as a substitute for relief on the merits of the case. *See Federal Savings and Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987). "Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974)). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Specifically, the movant must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Holland Am. Ins. Co.*, 777 F.2d at 997 (quoting, *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

### B. Discussion

Plaintiff's motion for injunctive relief fails because he has failed to establish a substantial likelihood that he will prevail on the merits. Under Louisiana law, inmates convicted of sex offenses after August 15, 1999 are not eligible for diminution

of their sentences. *See* LA. REV. STAT. ANN § 15:537(A) ("If a person is convicted of . . .pornography involving juveniles . . . and is sentenced to imprisonment for a stated number of years or months, the person shall not be eligible for diminution of sentence for good behavior."); LA. REV. STAT. ANN. § 15:571.3 ("The provisions of Subparagraph (a) of this Paragraph shall be applicable to offenders . . . who are not serving a sentence for the following offenses: . . . (i) a sex offense as defined in R.S. 15:541."). "It is well established . . . that a state court's interpretation of its statutes is binding on the federal courts unless a state law is inconsistent with the federal Constitution." 851 F. Supp. 2d 995, 1008 (E.D. La. 2012) (citations omitted). The Plaintiff has made no such showing here.

Because Defendant was convicted of a sex offense as defined by Louisiana Revised Statutes § 15:541(24)(a) in 2015, he does not qualify, by statute, for diminution of his sentence for good behavior. *See* LA. STAT. ANN. § 15:571.3(D)(2). As such, he is unable to show a substantial likelihood that he will prevail on the merits of his claim. The Motion must be denied.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 2) is **DENIED**.

3

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this 19th day of August, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**